FOIL, Judge.
Plaintiff, the maternal grandmother of Chad Mitchell Robinson, appeals from a dismissal, on an exception of res judicata, of her Petition to Return Legal Custody of the child and her Rule for Visitation.
Faye Vead, plaintiff/appellant, gave birth to Adaina Robinson on April 21,1967. On January 30, 1983, Adaina gave birth to an illegitimate child, Chad Mitchell Robinson. On April 18, 1985, Adaina signed an agreement with appellee, Louisiana State Department of Health and Human Resources, Office of Human Development (DHHR), requesting foster care for her child. On May 16, 1985, Adaina signed an authentic notarial act surrendering Chad to DHHR for adoption. On December 16, 1985, pursuant to placement by DHHR, a final decree of adoption of Chad was rendered in Vermilion Parish.
On April 17, 1986, Adaina Robinson and Faye Vead each filed a “Petition to Return Legal Custody” of Chad under the same docket number in St. Mary Parish. DHHR filed the peremptory exceptions of res judi-cata and no right and/or cause of action[1] to the petitions, which were set for a hearing along with a Rule for Visitation brought by Faye Vead. At the hearing, the matter was submitted on the record. In written reasons for judgment, the trial court sustained DHHR’s exception of res judicata, stating that the final adoption decree from Vermilion Parish conclusively put the issue of the child’s custody at rest. Faye Vead appeals the trial court’s judgment dismissing her petition and rule for visitation. Although appellant’s brief is unclear, she apparently contends that the trial court erred in dismissing her claims pursuant to an exception of res judicata. She urges that she is entitled to visitation rights under La.R.S. 9:572(B).
EXCEPTION OF RES JUDICATA
La.R.S. 13:4231, which sets forth the essential elements of res judicata, provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the *479 demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In this case, the prior action in Vermilion Parish was an adoption proceeding involving the adopting parents, the child, and DHHR as legal custodian of the child. Faye Vead was not a party to that proceeding. Since the plea of res judicata cannot be raised against a litigant who was not a party to the former suit, the trial court erred in dismissing Faye Vead’s claims on that basis. The exception is hereby overruled.
EXCEPTION OF NO RIGHT OF ACTION
DHHR also filed an exception of no right of action in this matter. This exception raises the question of whether or not the plaintiff has any interest in enforcing judicially the right asserted, as well as the legal capacity to bring the action. La. Code Civ.P. arts. 681, 927; Walton v. Hutton, 457 So.2d 1230 (La.App. 1st Cir.1984).
La.Civ. Code art. 214, located in the Chapter concerning adoption, provides for the reciprocal rights and duties of adopter and adopted. It states, in pertinent part, as follows:
If the adoptive parent is married to a blood parent of the adopted person, the relationship of that blood parent and his blood relatives to the adopted person shall remain unaltered and unaffected by the adoption. Otherwise, upon adoption: the blood parent or parents and all other blood relatives of the adopted person, except as provided by R.S. 9:572(B), are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person, including the right of inheritance from the adopted person and his lawful descendants; and the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them.
La.R.S. 9:572(B), concerning the visitation rights of grandparents, states:
B. Notwithstanding any provision of law to the contrary contained in Article 214 of the Louisiana Civil Code, in the event of an adoption, the natural parents of a deceased party to a marriage dissolved by death may have limited visitation rights to the minor child or children of the marriage dissolved by death, provided the natural parents of a deceased party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interests of the minor child or children, and provided further that the adoption takes place after the parent whose parents are seeking visitation rights is deceased. In addition, the parents of a party who has forfeited the right to object to the adoption of his child, pursuant to the provisions of R.S. 9:422.1, may have limited visitation rights to the minor child or children so adopted, provided the parents of the forfeiting party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interests of such minor child or children. The court shall consider all relevant factors in reaching a conclusion, including without limitation psychological evaluation, and it may order an investigation by the Department of Health and Human Resources.
Here, Faye Vead is not the natural parent of a deceased party to a marriage dissolved by death or a party who forfeited the right to object to her child’s adoption because of failure to support or visit the child. Therefore, she is not entitled to visitation rights under the provisions of this statute. Accordingly, pursuant to Civil Code article 214, the final decree of adoption rendered in Vermilion Parish judicially severed all of appellant's rights and duties with regard to her grandchild. It follows that the trial court should have sustained DHHR’s exception of no right of action.
DECREE
For the reasons set forth above, the judgment sustaining the exception of res *480 judicata is reversed and vacated and the exception is overruled. It is further ordered, adjudged and decreed that there be a judgment herein sustaining the exception of no right of action, thereby dismissing the Petition to Return Legal Custody and Rule for Visitation filed by plaintiff/appellant, Faye Vead. Costs of this appeal are taxed to appellant.
AFFIRMED AS AMENDED.

. There is no such exception. The exception of "no cause of action" and the exception of "no right of action" are distinct exceptions subject to different rules. We will, however, consider it as if appellee filed both exceptions separately.